UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEDELL JEFFERSON and
REGINALD REESE *minor child of*
WALTER ANDREWS,
    Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,
    Defendants.

No. 3:12cv01406 (SRU)

## RULING ON MOTION TO DISMISS

The United States of America[1] moves to dismiss the complaint of plaintiffs Ledell Jefferson and Reginald Reese, a minor child of Walter Andrews. The plaintiffs filed this complaint on October 2, 2012, and filed an amended complaint on December 18, 2013. The complaint alleges that the plaintiffs sustained neck and back injuries after a United States Postal Service ("USPS") mail truck driven by William Sheehan, a mail carrier, struck the side of a vehicle in which Jefferson and Reese were traveling. The United States moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiffs have failed to exhaust their administrative remedies. For the reasons that follow, the defendants' motion to dismiss (doc. # 18) is **GRANTED**.

The party who seeks to invoke a court's jurisdiction bears the burden of establishing that jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v.*

---

[1] The amended complaint alleges that defendant William Sheehan was acting within the scope of his employment for defendant United States Postal Service at the time of the alleged accident, Am. Compl. at ¶ 4, and that the United States Postal Service was an agent of the United States, *id.* at ¶ 7. Accordingly, the proper defendant is the United States of America. 28 U.S.C. §§ 1346(b)(1); 2671; 2679(b)(1).

*Seldin*, 422 U.S. 490, 518 (1975)).  To survive a motion brought under Rule 12(b)(1), a plaintiff must allege facts demonstrating that the plaintiff is a proper party to seek judicial resolution of the dispute.  *Id*.  Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted).  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings.  *Makarova*, 201 F.3d at 113.

To establish subject matter jurisdiction in a suit against the United States or its agencies, the plaintiff must show that the federal government has waived its sovereign immunity.  *See Presidential Gardens Associates v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . .").  In the absence of a waiver of the federal government's sovereign immunity, the federal government is shielded from suit, *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004), and dismissal is mandatory, *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).  The Federal Tort Claims Act ("FTCA") provides a limited waiver by the United States of its sovereign immunity.  *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998).  Failure to exhaust administrative remedies under the FTCA is a jurisdictional bar.  *See Adeleke*, 355 F.3d at 154.  Under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

A claim is "presented" when a "[f]ederal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2. That claim must be presented within two years after the claim accrued. *Phillips v. Generations Family Health Center*, 723 F.3d 144 (2d Cir. 2013) (citing 28 U.S.C. § 2401(b)).

Here, the plaintiffs' claims fail because either: (1) there is no record that the administrative claim was presented to or denied by the appropriate federal agency or (2) the administrative claim was not timely filed. The government does not have a record of Jefferson's administrative claim. Defs.' Mem. in Support of Mot. to Dismiss at 4-5 (doc. # 18-1). Plaintiffs attached to their original complaint an exhibit purporting to be a Standard Form 95 signed by Jefferson on February 16, 2011, less than two years after the incident, and addressed to the United States Postal Service. *See* Compl., Ex. A (doc. # 1-1). There is no evidence, however, that the claim was ever received or denied by the agency, and the defendant has submitted a declaration of a USPS tort claims examiner/adjudicator dated February 19, 2014 stating that a search of all Postal Service Law Department records of administrative tort claims uncovered no administrative claim filed by or on behalf of Jefferson. Defs.' Mem in Support of Mot. to Dismiss, Ex. 1 (doc. # 18-2). With respect to Reginald Reese, the administrative claim was not filed until November 11, 2011 and received by USPS until December 5, 2011, more than two years after the October 10, 2009 date of the accident alleged in the complaint. *See id.*, Exs. 2, 3. The plaintiffs have alleged no facts or presented any other evidence or argument suggesting that

3

they have otherwise exhausted their administrative remedies.  Indeed, the plaintiffs have not responded to defendants' motion to dismiss at all.  Accordingly, the plaintiffs have failed to exhaust their administrative remedies and the court lacks subject matter jurisdiction to hear this suit.

For the reasons stated above, the defendants' motion to dismiss (doc. # 18) is **GRANTED**.

The clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 7th day of July 2014.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge